G. Gregory Eagleburger (#002695)
THE EAGLEBURGER LAW GROUP
2999 N. 44th Street, Suite 303
Phoenix, Arizona 85018
Phone: 602.840.6533
Fax: 602.808.9402
Attorneys for PLAINTIFF

# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BUILDING INNOVATION INDUSTRIES, L.L.C., an Arizona limited liability company, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | (Declaratory Judgment Re: Ownership of Patent Rights) |
| YELENA ONKEN, individually and as Personal Representative of the Estate of Ronnie Dale Onken; and SHARI HOWARD, an individual, | |
| Defendants. | |

Building Innovation Industries, L.L.C., an Arizona limited liability company ("BII") for its cause of action against Yelena Onken, individually ("Onken"), and as Personal Representative of the Estate of Ronnie Dale Onken (the "Estate") and Shari Howard, an individual ("Howard") states as follows.

## JURISDICTION AND VENUE

1. This action concerns the interpretation and application of Federal Patent Law and therefore jurisdiction is pursuant to 28 U.S.C.A. 1331 & 1338.

2. Venue is proper in this jurisdiction because all parties reside therein.

## PARTIES

3. BII is an Arizona limited liability company engaged in the manufacture and erection of pre-fabricated structures both residential and commercial.

4. Onken is the widow of Ronnie Dale Onken, a resident of Arizona residing in Maricopa County.

5. Onken is also the Personal Representative of the Estate under Letters issued on September 19, 2005, in Case PB2005-002673, Maricopa County Superior Court.

6. Howard is an individual residing in Maricopa County, Arizona and is an Assignee of Onken's and Estate's interest in the Patent Application made the subject of this litigation.

## GENERAL ALLEGATIONS

7. During the period May 2004 to July 2005, Ronnie Dale Onken was contracted to BII for the purposes of designing an innovative insulated structural panel for use by BII in its business.

8. Ronnie Dale Onken's duties were to work with BII personnel particularly Bruce H. Middleswart, a professional structural engineer and John Greenbank, Manager of BII.

9. Ronnie Dale Onken, only assisted other BII employees in incorporating a "hat channel design" for use on the structural panels of BII.

10. During Ronnie Dale Onken's employment on the project he was paid $33,108.82 by BII.

11. During his employment with BII, Ronnie Dale Onken, without the knowledge or consent of BII, engaged Paul N. Katz of the Texas law firm of Baker, Botts, L.L.P. to prepare and file an Application for Letters Patent with the U.S. Patent & Trademark Office seeking a patent for the device he developed for and with BII.

12. Ronnie Dale Onken's Patent Application bears Patent Application Serial Number 11282351 and Publication Number 20060117689 listing himself and Onken, his wife, as investors and shows a filing date of November 18, 2005, with docketing number 0760400102.

13. Howard was allegedly the Assignee of the entire interest in the Patent Application as of November 16, 2005.

14. The Estate apparently assigned the Patent Application to Howard after Ronnie Dale Onken's death.

15. At all times Ronnie Dale Onken, Onken and Howard knew that Ronnie Dale Onken was not the owner of the device and that the true owner was BII, his employer.

16. There was no written employment contract between Ronnie Dale Onken and BII but there was a clear oral understanding that if the device was patentable, BII would be the owner of the patent and share the profits with Ronnie Dale Onken.

17. Ronnie Dale Onken's written proposal to BII prior to working on the project (See Exh. A attached) clearly shows that he was being hired for his inventive faculties and to devote his time to the development of the device and process later sought to be patented. Ronnie Dale Onken's drawings and calculations were left with BII.

## FIRST CLAIM

18. Ronnie Dale Onken was a person "employed to invent" by BII under the authorities of Solomons v. United States, 137 U.S. 342 (1890); Standard Parts Co. v. Peck, 264 U.S. 52 (1924); Banks v. Unisys Corp., 228 F.3d 1357 (Fed. Cir. 2000); Restatement (Second) of Agency §397 (1958); Teets v. Chromalloy Gas Turbine Corp., 83 F.3d 403 (Fed. Cir. 1996).

19. As such, the patent applied for by Ronnie Dale Onken is legally owned by BII and not subject to any assignment by Ronnie Dale Onken to Howard.

20. Howard's assigned interest in the Patent Application (if any such assignment exists) and any resulting patent issued is non-existent since Ronnie Dale Onken was not the owner of the patentable device.

21. Onken and the Estate apparently assigned the rights of Ronnie Dale Onken to Howard after Ronnie Dale Onken's death since the assignment to Howard took place after Ronnie Dale Onken's death.

22. A dispute has arisen between Onken, the Estate, Howard and BII as to the ownership of the patent rights applied for by Ronnie Dale Onken.

WHEREFORE, BII prays that this Court determine that BII is the legal owner of the Patent applied for when issued; that neither Onken, Estate or Howard have any ownership interest in the Patent when issued; that BII is the true owner of any patent rights applied for; and for such other and further relief as the Court deems just and proper under the circumstances.

4

## SECOND CLAIM

23. Howard and others acting in concert with Howard are selling or purporting to sell devices covered by the Patent Application or sell licenses to practice the patent made the subject of this case.

24. Because BII is the true owner of the Patent Application to be issued and the confidential proprietary information, drawings and schematics, Howard's use of such confidential, proprietary information is a violation of the Arizona Trade Secrets Act (A.R.S. §44-401, *et seq.*)

25. Howard and others acting in concert with her are presently using such patent pending, confidential and proprietary trade secret information in selling or offering to sell their products and BII has no adequate remedy at law.

26. Howard, Onken, the Estate and all others acting in concert with them must be enjoined preliminarily and permanently from using, selling or offering to sell products embodying the patent pending, confidential and proprietary information.

27. Unless enjoined, BII will suffer additional monetary and non-monetary business losses.

WHEREFORE, BII prays that this Court preliminarily and permanently enjoin the Defendants and all others acting in concert with them from selling or offering to sell devices utilizing the patent pending, confidential and proprietary trade secrets information of BII and to determine what damages have been or will be incurred by BII; and for such other and further relief as the Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 29 day of July, 2006.

THE EAGLEBURGER LAW GROUP


/s/ G. Gregory Eagleburger
G. Gregory Eagleburger
2999 N. 44th Street, Suite 303
Phoenix, Arizona 85108
Attorney for Plaintiff

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on July 27, 2006, I electronically filed the foregoing with the Clerk of Court for filing and uploading to the CM/ECF system.

/s/ G. Gregory Eagleburger