G. Gregory Eagleburger (#002695)
THE EAGLEBURGER LAW GROUP
2999 N. 44th Street, Suite 303
Phoenix, Arizona 85018
Phone: 602.840.6533
Fax: 602.808.9402
Attorneys for Plaintiff

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BUILDING INNOVATION INDUSTRIES, L.L.C., an Arizona limited liability company,<br><br>Plaintiff.<br><br>v.<br><br>YELENA ONKEN, individually and as Personal Representative of the Estate of Ronnie Dale Onken; and SHARI HOWARD, an individual,<br><br>Defendants. | Case No. 06-01859-PHX-NVW<br><br>**PLAINTIFF'S RESPONSE TO MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE JOINT MOTION FOR AWARD OF ATTORNEY'S FEES BY BOTH DEFENDANTS ONKEN AND HOWARD** |

It is only out of an abundance of caution that the Plaintiff responds to Howard's and Onken's individual Memorandums in Support of their Joint Motion for Award of Attorney's Fees in as much as the Court has closed this case.

Each of these Memorandums essentially re-asserts the same arguments made in Defendants joint motion and attaches declarations concerning the attorney time spent by them in this action.

As a response to the legal arguments, Plaintiff re-asserts its response to their joint motion for attorney's fees and again respectfully contends that under

federal law (including that cited by Onken's and Howard's attorneys themselves), there is no jurisdiction in this Court to entertain a motion for attorney's fees in this case under any federal rule or federal or Arizona statute. The cases are absolutely clear that in the Ninth Circuit the Plaintiff has an absolute right, <u>without</u> <u>penalty</u>, to file a Notice of Voluntary Dismissal of its case prior to any answer or Motion for Summary Judgment. Plaintiff did this and, therefore, under applicable federal law, the entire case is and was dismissed and there is no further jurisdiction in the Court to entertain any motion filed by Howard and Onken afterward.

Plaintiff has asserted its federal right and the Court has notified both applicants electronically that "WARNING CASE CLOSED ON 11-14-2006". That warning is a result of the Court's immediate dismissal of all matters upon the filing of the Notice of Voluntary Dismissal by the Plaintiff.

As to the content of each of the memorandums, they (1) request attorney's fees for the preparation of the applications for attorney's fees and involve duplication of efforts not only between the separate counsel for Howard and Onken but also internally within each of the Defendants' respective firms.

This duplication of effort and time post Notice of Dismissal, is not compensable under any theory even if the Court has jurisdiction to do so. The majority of the time listed by the law firms for both Defendants the two attorneys working on the case were simply reviewing each other's work and consulting with each other and with the attorneys for the other Defendants, thus duplicating the time actually needed in representation of the client. For instance, there is duplication in the representation of Onken on 08-24, 08-25, 08-29, 08-31, 09-01, 09-19, 09-25, 09-26, 10-18, 10-19, 10-26, 10-30, 10-31, 11-01, 11-02, 11-08, 11-

09, 11-10, 11-13, 11-15 and 11-21.  Counsel for Howard's statement of time spent is equally duplicitous.

In addition, Attorney Brendan A. Day's qualifications to charge $195 per hour for his time consists of a single statement that he was a "newly licensed attorney with the firm".  If Mr. Day was in fact a newly licensed attorney with the firm without further qualification, his billing rates would be approximately 60% of the $195 per hour claimed in the Phoenix metropolitan area and his hours reduced because he was in an area in which he was apparently unfamiliar and had to "learn."

In addition, Mr. Knight has charged 8 hours to attend the hearing on his Motion to Dismiss.  Obviously, this 8 hours includes travel time from Houston, Texas to Phoenix, Arizona.  This travel time is not chargeable since the location of Defendant's counsel need not have been a jurisdictionally distance out of state attorney.

## **CONCLUSION**

The applications for attorney's fees have no legal support since the filing of the Notice of Voluntary Dismissal by the Plaintiff ends all jurisdiction of this Court to rule on such motions.  The Defendants have not provided any legal authority which provides a basis for this Court even to entertain the motions and, therefore, such motions should be denied without further consideration of the attorneys' time and/or billing rates because the Court lacks jurisdiction to entertain the initial Motions.

1 | RESPECTFULLY SUBMITTED this 8th day of January, 2007.
2 | 
3 |                                 THE EAGLEBURGER LAW GROUP

                                /s/  G. Gregory Eagleburger
                                G. Gregory Eagleburger
                                2999 N. 44th Street, Suite 303
                                Phoenix, Arizona  85108
                                *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on January 8, 2007, I caused to be electronically filed the foregoing Response to Joint Motion for Award of Attorneys' Fees with the Clerk of Court for filing and uploading to the CM/ECF system with electronic notice to the following.

ischwartz@dmylphx.com
mcordier@dmylphx.com
sedel@dmylphx.com

Ira M. Schwartz, Esquire
Michael A. Cordier, Esquire
DeCONCINI McDONALD YETWIN & LACY, P.C.
7310 North 16th Street, Suite 330
Phoenix Arizona 85020
*Attorneys for Defendant Yelena Onken*

joe.knight@bakerbotts.com

Joseph R. Knight, Esquire
BAKER BOTTS, L.L.P.
98 San Jacinto Boulevard, Suite 1500
Austin Texas 78701
*Attorneys for Defendant Shari Howard*

/s/ G. Gregory Eagleburger